**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TRACY L. BIANCO, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action File No. _____ |
| v. | ) | |
| | ) | |
| NEOGENOMICS LABORATORIES, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
|     Defendant. | ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Tracy L. Bianco files this Complaint for Equitable Relief and Damages against Defendant NeoGenomics Laboratories, Inc., showing the Court as follows:

### INTRODUCTION

1.    This is an action for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2.    Ms. Bianco seeks injunctive and equitable relief, back pay and lost benefits, front pay or reinstatement, compensatory damages, punitive damages, attorney's fees and costs for Defendant's violations of Title VII.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's claims under

to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

4.      Venue is proper in the Northern District of Georgia under 28 U.S.C. §

1391(b) and (c) because the unlawful actions giving rise to this action were

committed in the Northern District of Georgia.

## PARTIES

5.      Plaintiff Tracy Bianco is a citizen of the United States and a resident of

the State of Georgia. Ms. Bianco submits herself to the jurisdiction of this Court.

6.      Defendant NeoGenomics Laboratories, Inc. is a corporation organized

and existing under the laws of Florida and registered to do business in the State of

Georgia.

7.      NeoGenomics is an employer that engages in an industry affecting

commerce within the meaning of Title VII and has employed more than 15 persons

for each working day in each of 20 calendar weeks in the current or preceding

calendar year.

8.      NeoGenomics is subject to the jurisdiction of this Court and may be

served with process via its registered agent for service of process in Georgia,

National Registered Agents, Inc., 1201 Peachtree Street, N.E., Suite 1240, Atlanta, Georgia 30361.

## ADMINISTRATIVE PROCEEDINGS

9.    On February 2, 2020, Ms. Bianco timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission – Charge No. 410-2020-03249 – complaining of the discriminatory actions challenged in this Complaint.

10.    The EEOC issued Ms. Bianco a Dismissal and Notice of Rights.

11.    This civil action is filed in the appropriate federal district court within ninety (90) days of the receipt of Ms. Bianco's Dismissal and Notice of Rights.

## STATEMENT OF FACTS

12.    Ms. Bianco began employment with NeoGenomics as a Territory Business Manager ("TBM") on December 18, 2018.

13.    As a TBM, Ms. Bianco began reporting to Regional Director Paul Robin.

14.    In April 2019, Ms. Bianco was requested by Robin to meet him in Nashville to attend meetings with clients.

15.    Ms. Bianco rearranged previously scheduled meetings so that she could comply with Robin's request.

3

16.     Ms. Bianco then learned that Robin had not, in fact, arranged for client meetings in Nashville.

17.     Robin then began obsessively and repeatedly asking Ms. Bianco out to dinner.

18.     Ms. Bianco told Robin that she already had dinner plans; to which he responded by repeatedly asking with whom.

19.     After Robin realized that Ms. Bianco was not going to go to dinner with him, he then began obsessively and repeatedly asking Ms. Bianco where she was staying.

20.     These inquiries had nothing to do with their work and they made Ms. Bianco feel awkward and uncomfortable – she believed this was Robin's attempt to get her alone and have her isolated with no business to attend to.

21.     The whole business meeting was a ruse, a blatant lie, and made Ms. Bianco extremely uncomfortable.

22.     On or around May 1, 2019, Ms. Bianco reported Robin's actions to Vice President of Sales, Justin White.

23.     White spoke with Robin on or around May 6, 2019 about Ms. Bianco's concerns.

24.     Following the conversation with White, Robin told Ms. Bianco that she "lived outside her territory" and that she "had better start looking for a new job."

25.     Robin's remarks were clearly a threat as several of NeoGenomics's employees did not live within their territory (including other members of Robin's team).

26.     That same day, Ms. Bianco emailed White informing him of her discussion with Robin and that he threatened her employment.

27.     White did not respond to that email nor did Human Resources reach out to Ms. Bianco to discuss the issues with Robin.

28.     Ms. Bianco did not follow up with White, because Robin had already threatened her job and she was afraid of further retaliation.

29.     On or around August 30, 2019, in a one-on-one meeting with Ms. Bianco, Robin told Ms. Bianco that she "was not focused on her job and not able to do the job," but he failed to produce any facts to support these claims.

30.     Robin also stated, "I know you are having a difficult time in your new role because it is different from your last role."

31.     Ms. Bianco's last role was very similar to her current role; the only difference was that she now covered a smaller territory, making her more effective.

32.     Following her report of sexual harassment by Robin, Robin subjected Ms. Bianco to retaliatory harassment both individually and in front of the team for months – among other things, constantly alleging that she was having difficulty in her job, suggesting she lacked experience when she did not, demeaning her every chance he got, and repeatedly communicating to Ms. Bianco that she needed to find other employment.

33.     These continuous statements made by Robin were meritless and purely retaliatory in nature.

34.     On or around September 3, 2019, Ms. Bianco reported Robin's retaliatory harassing behavior to White and to Human Resources.

35.     After HR concluded its investigation, it asked Ms. Bianco what she wanted, and she told them she did not want to report to Robin, and she wanted him to stop interfering with her accounts.

36.     HR agreed and transferred Ms. Bianco's reporting structure to Regional Manager Kane Frazier.

37.     After Ms. Bianco was reassigned to Ms. Frazier, her work environment improved, and she was happy to be able to perform her job without harassment.

38.     In January, Ms. Bianco was asked to prepare business plans for 2020.

39.    Ms. Bianco had a great deal of business closing in January and had over $500,000 per month in her sales funnel – her territory was performing well.

40.    Almost immediately thereafter, on January 31, 2020, Ms. Bianco was "laid off" allegedly because the company was collapsing her territory and due to the alleged and pretextual excuse of lack of growth opportunity.

41.    Ms. Bianco's territory was larger than and had outgrown most other territories.

42.    Ms. Bianco's territory was at least in part reassigned to Gene Clark, a male.

43.    NeoGenomics also hired a new male TBM after terminating Ms. Bianco.

44.    At the same time the Company terminated Ms. Bianco they also fired another female TBM and demoted a female TBM out of sales.

45.    NeoGenomics's actions have also caused Ms. Bianco to suffer out-of-pocket losses and mental and emotional distress for which she seeks redress.

### COUNT I – DISCRIMINATION IN VIOLATION OF TITLE VII

46.    Ms. Bianco incorporates by reference the preceding paragraphs of the Complaint.

47.    In sexually harassing Ms. Bianco and retaliating against her for

rejecting the advances of her supervisor, and in terminating Ms. Bianco and replacing her with a male employee, NeoGenomics knowingly and intentionally discriminated against Ms. Bianco because of her sex.

48.    NeoGenomics's conduct constitutes unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

49.    As a result of NeoGenomics's discriminatory conduct, Ms. Bianco suffered lost wages and other benefits of employment, emotional distress, inconvenience, humiliation, damage to her career, and other indignities.

50.    NeoGenomics acted maliciously, willfully, wantonly, oppressively, and/or recklessly, toward Ms. Bianco, authorizing a punitive damages award against NeoGenomics.

51.    Because of NeoGenomics's violations of Title VII, Ms. Bianco is entitled to an award of back pay and benefits, reinstatement or front pay, compensatory and punitive damages, injunctive relief, attorney's fees, and all other appropriate damages, remedies, and other monetary and equitable relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT II – RETALIATION IN VIOLATION OF TITLE VII

52.    Ms. Bianco incorporates by reference the preceding paragraphs of the

Complaint.

53.     Ms. Bianco engaged in a protected activity by challenging the unlawful practices of NeoGenomics and its officers, employees, and agents.

54.     NeoGenomics retaliated against Ms. Bianco because she challenged its unlawful actions in violation of Title VII by subjecting her to a retaliatory hostile work environment and terminating her employment.

55.     As a direct and proximate result of NeoGenomics's violations of Title VII, Ms. Bianco suffered lost wages and other benefits of employment, emotional distress, inconvenience, humiliation, damage to her career, and other indignities.

56.     NeoGenomics acted maliciously, willfully, wantonly, oppressively, and/or recklessly, toward Ms. Bianco, authorizing a punitive damages award against NeoGenomics.

57.     Because of NeoGenomics's violations of Title VII, Ms. Bianco is entitled to an award of back pay and benefits, reinstatement or front pay, compensatory and punitive damages, injunctive relief, attorney's fees, and all other appropriate damages, remedies, and other monetary and equitable relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Bianco demand TRIAL BY JURY and that:

a)      The Court grant trial by jury;

b)      The Court issue a declaratory judgment that Defendant NeoGenomics
        engaged in unlawful employment practices in violation of Title VII;

c)      The Court issue an injunction prohibiting Defendant NeoGenomics
        from engaging in unlawful employment practices;

d)      The Court award full back pay from the date of Ms. Bianco's
        termination, taking into account all raises to which she would have been
        entitled but for her unlawful termination, and all fringe and retirement
        benefits of employment, with prejudgment interest thereon;

e)      The Court award front pay or reinstatement to compensate Ms. Bianco
        for lost future wages and career development and benefits;

f)      Ms. Bianco recover compensatory damages, in an amount to be
        determined by the enlightened conscience of the jury, for Plaintiff's
        emotional distress, suffering, inconvenience, mental anguish, loss of
        enjoyment of life and special damages;

g)      Ms. Bianco recover punitive damages in an amount to be determined
        by the enlightened conscious of the jury to be sufficient to punish
        Defendant for its conduct toward Plaintiff and deter Defendant from
        similar conduct in the future;

h)      The Court award Ms. Bianco reasonable attorney's fees and costs of

        litigation; and

i)      The Court grant such other and further monetary and equitable relief as

        the Court deems just and proper.

Respectfully submitted 3rd day of February 2021.

                        **LEGARE, ATTWOOD & WOLFE, LLC**

                        **Cheryl B. Legare**
                        Cheryl B. Legare
                        Georgia Bar No. 038553
                        ecblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

Counsel for Plaintiff